BRADLEY v. SCHWAB.

*Sewers—Connection to private sewer—Injunction will not lie, when.*

Connection with a private sewer will not be enjoined on the claim that the sewer will be overloaded thereby, unsupported by evidence that plaintiff has suffered damage or that such a result as that complained of will follow.

(Decided July 30, 1914.)

APPEAL: Court of Appeals for Butler county.

JONES, O. B., J.; SWING and JONES, E. H., JJ., concurring.

This case was brought into this court on appeal. It is an action by Robert A. Bradley seeking to enjoin Jacob Schwab from maintaining a sewer connection with a line of sewer pipe, built by plaintiff's predecessor upon a ten-foot strip of land in the rear of the lots of both parties, which connects with the pipe sewer on the premises of plaintiff and also on the premises of defendant, which lie north of plaintiff. Defendant owns property which lies north of plaintiff's and also property south of plaintiff, which latter is a corner lot abutting upon the alley in which is placed the public sewer to which the connection is made.

The fee of this ten-foot strip is vested in the defendant, but it is subject to an easement for ingress and egress appurtenant to the property of plaintiff. This five-inch private sewer was built by plaintiff's predecessor in title to drain his premises, and plaintiff is entitled to its use and to have it maintained in its present position. The sewer connection to the lot on the north has also existed for some time, and defendant is entitled to maintain it.

The question presented to the court arose at the time defendant undertook to connect a watercloset constructed in a shop in the rear part of his lot lying south of plaintiff. Plaintiff contends that such connection would overburden the private sewer and therefore interfere with his right of drainage, and, the connection having been made in spite of his protest, he seeks to enjoin its further maintenance.

We are unable to find, from the testimony, that the tap which has been made by defendant has resulted in overburdening the pipe or has in any way obstructed or interfered with plaintiff's rights, and as the exercise of the right of injunction requires clear proof of the existence of the injury complained of, the court should not exercise its prerogative of interference so long as no injury has been suffered by plaintiff.

The petition will therefore be dimissed at plaintiff's costs.

*Petition dismissed.*

*Mr. M. O. Burns,* for plaintiff.

*Mr. Clinton J. Egbert,* for defendant.